# IN THE COURT OF APPEALS OF IOWA

No. 18-1384
Filed January 9, 2019

**IN THE INTEREST OF E.M., E.M., and J.M.,**
**Minor Children,**

**E.M., Father,**
        Appellant,

**J.M., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Linnea M.N. Nicol, District Associate Judge.

A father and mother each appeal a juvenile court order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

R.J. Longmuir of Peters & Longmuir, PLC, Independence, for appellant father.

A.J. Flickinger of Craig, Wilson & Flickinger, Independence, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Tammy L. Banning of the Juvenile Public Defender's Office, Waterloo, guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A father and mother each appeal a juvenile court order terminating their parental rights. We find there is sufficient evidence in the record to support termination and termination is in the children's best interests. We affirm the juvenile court's decision.

## I.    Background Facts & Proceedings

E.M., father, and J.M., mother, are the parents of three children, born in 2013, 2016, and 2017. The parents have a history of substance abuse, domestic violence, mental health issues, and criminal behavior. The Iowa Department of Human Services (DHS) most recently became involved with the family in February 2017 due to domestic violence and substance abuse.[1] On April 3, 2017, the juvenile court adjudicated the two oldest children to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2017).

The two older children were removed from the parents' care on May 15, 2017 and placed in foster care. At that time, the father was using methamphetamine and not participating in services; the mother was drinking alcohol and not taking medication for her mental health. Shortly thereafter, there was a warrant for the father's arrest and he absconded. The father was later arrested in August 2017. He was convicted of forgery, domestic abuse assault, and possession of controlled substances. He has been in prison during the remainder of the juvenile court proceedings regarding these children.

---

[1] The family had earlier interactions with DHS. The mother's parental rights to two other children were terminated in 2006.

The youngest child was born in November 2017 with methamphetamine in his system and was removed from the parents' care shortly after birth. The child was adjudicated CINA under section 232.2(6)(c)(2) and (n). The mother entered the Heart of Iowa substance abuse treatment program, and the youngest child was temporarily placed in her care from February to March 2018. The mother was asked to leave the program because she violated the rules, and the youngest child was again removed from her care. The mother was on probation for third-degree theft, and her probation was revoked as well.

On April 26, 2018, the State filed a petition for termination of the parents' rights. At the time of the hearing, the father was in prison and stated he was not in a position to have the children returned to his care. The mother was in a halfway house where she was also not permitted to have the children in her care.

The juvenile court terminated the father's parental rights to the oldest child under section 232.116(1)(e), (f), and (*l*) (2018), and the two youngest children under section 232.116(1)(e), (h), and (*l*). The mother's parental rights to the oldest child were terminated pursuant to section 232.116(1)(e), (f), (g), and (*l*); to the middle child pursuant to section 232.116(1)(e), (g), (h), and (*l*), and to the youngest child pursuant to section 232.116(1)(g) and (*l*). The court concluded termination of the parents' rights was in the children's best interests. The father and mother each appeal the juvenile court's decision.

## II.     Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Father

The father claims the State did not present sufficient evidence to warrant termination of his parental rights. He states the children could be placed in his care when he is released from prison. When the juvenile court has terminated a parent's rights on more than one ground, "[t]o affirm, we need to find facts to support just one of the grounds." *In re J.E.*, 907 N.W.2d 544, 546 (Iowa Ct. App. 2017).

Concerning the termination of his rights to the oldest child under section 232.116(f) and the two youngest children under section 232.116(1)(h), the father only contests the fourth element of both subsections, which require clear and convincing evidence the child cannot be returned safely to the parent's care. The children could not be returned to the father's care at the time of the termination hearing. In addition to the fact that he was in prison where he could not care for the children, the evidence showed the father had very minimal participation in services. The father had no contact with the children after he absconded from law enforcement in May or June 2017, and he had never met the youngest child—who was born after he went to prison. We conclude there is sufficient evidence in the record to support termination of the father's parental rights.

**IV.    Mother**

The mother claims the State did not present sufficient evidence to terminate her parental rights.    Again, although her rights were terminated on multiple grounds, we may affirm if there is sufficient evidence in the record to support "just one of the grounds." *See id.*  The mother claims her rights should not have been terminated under section 232.116(1)(g) because her rights had not been terminated for a sibling of these children.

Section 232.116(1)(g)(2) requires the State to show "[t]he court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family."  The State submitted a copy of a termination order from 2006 showing the mother's parental rights to children born in 2002 and 2005 were terminated under section 232.116(1)(a), (e), (h), and (*l*) (2005) and finding termination was in the best interests of the children.  We conclude the State presented clear and convincing evidence to show the mother's parental rights should be terminated under section 232.116(1)(g) (2018) and we affirm on this ground.    Additionally, even if section 232.117 was set aside, ample evidence sufficient to terminate the mother's parental rights pursuant to other grounds was offered.

We affirm the juvenile court's decision terminating the parents' rights.  There is sufficient evidence in the record to support termination and termination is in the children's best interests.

**AFFIRMED ON BOTH APPEALS.**